DAVID A. SULLIVAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent *
Sullivan v. Commissioner
Docket No. 26618-88
United States Tax Court
T.C. Memo 1993-153; 1993 Tax Ct. Memo LEXIS 156; 65 T.C.M. (CCH) 2361; April 7, 1993, Filed *156 Decision will be entered under Rule 155. For petitioner: Patrick J. Murphy. For respondent: Drita Tonuzi. GERBER
GERBER
SUPPLEMENTAL MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: In T.C. Memo. 1991-492, petitioner was held to be liable for the addition to tax for an underpayment due to negligence, under section 6653(a), [1] and not entitled to an overpayment of his 1983 taxes. The U.S. Court of Appeals for the Second Circuit, in a mandate and opinion filed February 11, 1993, remanded for further proceedings to determine petitioner's "correct tax liability for 1983, and for a calculation of the five-percent addition to tax under 26 U.S.C. [section] 6653(a)(1), based on whatever 'correct tax' is determined." Sullivan v. Commissioner,     F.2d    ,     (2d Cir., Feb. 11, 1993), affg. in part, revg. in part, vacating in part and remanding T.C. Memo. 1991-492. *157 In our memorandum opinion, we found that petitioner had not filed a 1983 tax return prior to the mailing of the notice of deficiency. Respondent had determined a tax liability without allowing any itemized or other deductions. After this case had been placed in issue, petitioner's accountant prepared a 1983 return (which was not filed) reflecting various itemized deductions and a deduction claimed for a loss attributable to rental property. Respondent agreed that petitioner was entitled to the itemized deductions but did not agree that petitioner was entitled to the loss claimed in connection with the rental property. Because we decided that, under section 6512, there was no jurisdiction or authority to decide an overpayment or refund for petitioner, we did not decide whether petitioner was entitled to the claimed loss from the rental property. The determination of the amount of any loss and the amount of the deficiency in income tax, if any, is necessary to determine the amount of the underpayment within the meaning of section 6653(c), which is the basis for computing the addition to tax under section 6653(a)(1). FINDINGS OF FACT We incorporate in this opinion the facts found *158 in T.C. Memo. 1991-492. Respondent determined in the notice of deficiency, by an indirect method, that petitioner had income of $ 75,148. The parties, however, agreed that petitioner's salary for 1983 was $ 74,851. Additionally, on the return prepared by petitioner's accountant (1983 return), $ 8 of interest income was reflected. Accordingly, petitioner's adjusted gross income, without considering the claimed rental loss, was $ 74,859. In the 1983 return, petitioner claimed (on Schedule E) a $ 14,545 loss from rental activity concerning "Condo - Smuggler's Notch VT". The parties' stipulation of facts provides support for the amounts reported in connection with the claimed rental loss. The 1983 return reflects $ 7,618 in rents received and $ 22,163 of expenses and depreciation, as follows: Item
Amount Claimed
Maintenance
$ 5,803
Insurance
230
Interest
7,709
Taxes
1,847
Utilities
744
Depreciation
5,830
Total
22,163
Considering the $ 22,163 in expenses and depreciation and $ 7,618 in rental income, the amount of the claimed loss netted out at $ 14,545. On the 1983 return, petitioner claimed $ 10,424 in itemized deductions from *159 adjusted gross income. The $ 10,424 was composed of items and amounts which respondent does not question. The itemized deductions do not include any of the items or amounts included in the rental loss deductions shown above. Additionally, the parties agreed that petitioner was entitled to one personal exemption in the amount of $ 1,000 for 1983. OPINION The amount of petitioner's income tax deficiency and any underpayment for the 1983 tax year could be computed but for the amount of the deduction attributable to the rental activity. Respondent, on brief, contended that petitioner was not entitled to a rental loss because he had not shown that the rental activity was profit motivated within the meaning of section 183. Petitioner, on the other hand, argued that respondent stipulated the deductibility of the claimed rental loss by agreeing to the figures in the stipulation. Although petitioner testified, he did not offer any testimony or other evidence concerning the rental activity profit motive. Our review of the parties' stipulations reflects that respondent agreed to the amounts involved, but did not agree to deductibility in the stipulation. On brief, respondent conceded *160 the deductibility of the itemized deductions, but contended that the rental loss was not deductible because of petitioner's failure to show it was an activity for profit. Petitioner bears the burden of showing that the rental activity was for profit within the meaning of section 183. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933); Golanty v. Commissioner, 72 T.C. 411 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981). Petitioner has failed to carry that burden. Although petitioner has not shown that the activity was for profit, we note that some of the items which make up the $ 22,163 in total expenses and depreciation would otherwise be deductible. See sec. 183(b)(1). These items are the $ 7,709 in interest and $ 1,847 in real property tax which, in 1983, would have otherwise been deductible under sections 163 and 164, respectively. We hold that petitioner is entitled to deduct $ 7,709 and $ 1,847 as interest and tax, respectively. Additionally, under section 183(b)(2) petitioner would be entitled to a deduction equal "to the amount of the deductions which would *161 be allowable under this chapter for the taxable year only if such activity were engaged in for profit, but only to the extent that the gross income derived from such activity for the taxable year exceeds the deductions". In this regard, petitioner reported $ 7,618 in rental income. Because the interest and real property tax exceed the amount of rental income, petitioner would not be entitled to deduct any additional amount for the remainder of the expenses and depreciation claimed on Schedule E. See sec. 1.183-1(b), Income Tax Regs.
Based upon the above findings and the parties' stipulation, the parties are in a position to compute the amount of any deficiency and underpayment for purposes of the section 6653(a)(1) addition to tax and the amount of that addition. Thereafter, a revised decision will be entered in accord with the final computation and the mandate of the U.S. Court of Appeals for the Second Circuit. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
*. This opinion supplements Sullivan v. Commissioner, T.C. Memo. 1991-492.↩
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the taxable year under consideration. Rule references are to this Court's Rules of Practice and Procedure.↩